**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul E Jozwiak, | No. CV-20-00039-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Raytheon Missile Systems, et al., | |
| Defendants. | |

On January 24, 2020, the plaintiff filed a Complaint (Doc. 1) alleging ERISA claims for breach of fiduciary duty, fraud and retaliatory discharge, and prohibited transactions. He has since filed every other document with the title page reflecting "Verified Complaint" with the true nature of the document reflected on the second page of the document. The Local Rules of Practice for the United States District Court, District of Arizona, Local Rule 7.1(a)(3)(B) requires that the title page of each document filed with the Court include a "brief description of the nature of the document." Therefore, the Clerk of the Court has recorded the Plaintiff's filings as: a Motion to Admit Relevant Evidence (Doc. 2); Motion to Exceed the Page Limit (Doc. 3); Motion for Marshal to Serve the Complaint (Doc. 7), and Application to Proceed Without Prepaying Fees or Costs (Application to proceed *in Forma Pauperis* (Doc. 8). The Court treats the Motion for Marshal to Serve the Complaint as a supplement to the Application for *in forma pauperis,* which is the only document properly titled. The Plaintiff shall comply with Local Rule 7.1 for all future filings made in this Court.

The Court turns first to the Plaintiff's request to proceed *in forma pauperis.* He has lodged an affidavit of inability to pay such costs or fees for the commencement of this action, pursuant to 28 U.S.C. §1915. The Court considers whether to grant leave to proceed *in forma pauperis* solely upon a demonstration of indigency. *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n. 5 (9th Cir. 1984). A Court may authorize the commencement or prosecution of any action without prepayment of fees and costs by a person who makes an affidavit that he or she is unable to pay such costs. In claiming poverty under section 1915(a), an applicant must state the facts as to his or her poverty "with some particularity, definiteness and certainty." *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The district court has discretion to make a factual inquiry regarding an applicant's indigency and to deny a section 1915(a) motion when the applicant is "unable, or unwilling, to verify his poverty." *Id.*

Here, Plaintiff's affidavit establishes that he receives disability benefits in the amount of $2,317.00 per month, before taxes and health insurance. His annual income totals $27,810.00. He has approximately $2,000 in checking accounts. He appears to reside with his mother but pays living expenses totaling $2,216.00 per month.

The Court finds that Plaintiff fails to demonstrate indigent status. His annual income far exceeds the poverty level set by the U.S. Census Bureau for 2020, which is $12,760.00 annually for a single person. He would not qualify for even the most generous social programs where indigency is calculated as 185% of the poverty level, which amounts to $23,606.00. Plaintiff may not proceed *in forma pauperis* under 28 U.S.C. § 1915.

The Court turns to the Plaintiff's Complaint and his Motion to Exceed the Page Limit. There is no page limit for a Complaint; the Plaintiff is most likely confused by Local Rule 7.2(c) (1), which sets a 17-page limit for motions, including supporting memorandum. Indeed, the Complaint includes supporting memorandum argument and citations to the law. A Complaint is not governed by Rule 7.2(c). A Complaint is governed by Federal Rule Civil Procedure, Rule 8, and Plaintiff's Complaint fails to comply with Rule 8's requirement that it "contain: 1) a short and plain statement of the grounds for the court's

jurisdiction, . . . , 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for the relief sought. There is no way for the Court to construe the Plaintiff's 89-page Complaint as being in compliance with Rule 8.

"A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its *sua sponte* intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Wong v. Bell*, 642 F.2d 359, 361–62 (quoting *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir.1979). Therefore, the Court may also, *sua sponte*, dismiss a complaint for failure to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," and that "each allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(a)(2), (d)(1). This is because a complaint that is so confusing that its " 'true substance, if any, is well disguised' " does not satisfy Rule 8. *Hearns v. San Bernardino Police Dep't.,* 530 F.3d 1124, 1131 (9th Cir.2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir.1969)). "Something labeled a complaint but written ... prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir.1996). Therefore, even interpreting pro se pleadings liberally, they still must meet a minimum threshold that provides defendants sufficient notice of the allegations against them. *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir.1995). The Court affords the Plaintiff an opportunity to amend the Complaint to comply with Rule 8.

The Amended Complaint must comport with Rule 8 of the Federal Rules of Civil Procedure which provides that the pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.8(a)(2). The purpose of Rule 8 is to prevent vague and ambiguous claims and ensure that defendants will be able to frame a responsive pleading. In drafting the Amended Complaint, the Plaintiff must include sufficient factual details so that this Court can determine each claim existing against each Defendant. The Plaintiff must refer by name to particular Defendants,

whenever possible, in the body of the Amended Complaint, so that it is possible to determine which Defendant is being charged with responsibility for each particular grievance. *Jackson v. Nelson*, 405 F.2d 872, 873 (9th Cir. 1968).

Plaintiff's obligation to "provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). The Plaintiff does not, however, need to argue his case and cite to supporting case law. At the pleading stage, the Plaintiff must allege enough facts, if taken as true, to suggest that a claim exists. This does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to support the claim. *Id*. at 1966. "[F]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Id*. at 1965. The Court advises the Plaintiff to review the District's website, www.azduscourts.gov, especially the tab for "Those Proceeding without an Attorney."

"District judges have no obligation to act as counsel or paralegal to pro se litigants" because this would undermine district judges' role as impartial decisionmakers. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131, n.13 (declining to decide whether the court was required to inform a litigant of pleading deficiencies, but noting that the pro se litigant, unskilled in the law, is far more prone to making errors in pleading than the person who has the benefit of being represented by counsel) (citing *Noll*, 809 F.2d at 1448). So, while the Court may not serve as advocate for the pro se litigant nor act as legal advisor, the Court has explained the pleading deficiencies and affords the pro se litigant an opportunity to amend the Complaint. *Noll* at 1448.

- **Accordingly,**

**IT IS ORDERED** that Plaintiff's Application to Proceed Without Prepaying Fees or Costs (Doc. 8) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Marshal to Serve the Complaint (Doc. 7) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Leave to Exceed the Page Limit (Doc. 3) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the Motion to Admit Relevant Evidence (Doc. 2) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that, *sua sponte*, the Complaint is DISMISSED WITH LEAVE TO AMEND to comply with Rule 8. Plaintiff shall file a First Amended Complaint by April 14, 2020.

**IT IS FURTHER ORDERED** that THE FIRST AMENDED COMPLAINT MUST BE CLEARLY DESIGNATED AS "FIRST AMENDED COMPLAINT" ON THE FACE OF THE DOCUMENT. The Amended Complaint must state specific allegations against proper Defendant(s), named as Defendant(s); and identify who participated in which activities alleged in the Complaint; and state what injury, if any, Plaintiff suffered as a result of the activities of each Defendant. THE FIRST AMENDED COMPLAINT MUST BE RETYPED OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE. Local Rule 7.1(c).

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to ENTER DISMISSAL of this action WITHOUT PREJUDICE and close the case, without further notice to Plaintiff, if he fails to file the First Amended Complaint and/or pay the required filing fee by April 14, 2020.

**IT IS FURTHER ORDERED** that the Plaintiff shall serve the First Amended Complaint upon Defendant(s) in accordance with Federal Rule of Civil Procedure, Rule 4, either by waiver of service of the summons or complete service of the summons and First Amended Complaint. Service must be made upon Defendant within 90 days after the filing of the Complaint or the action shall be subject to dismissal without prejudice Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, he must follow the Federal Rules of Civil Procedure and the Local Rules of Practice for the U.S. District Court of Arizona (Local Rules). Plaintiff is instructed to take special notice of Local Rule 7.2 which provides specifics for civil motions, especially subsection (i) which provides that failure to file a timely response, or any other such non-compliance, "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

**IT IS FURTHER ORDERED** that subsequent to serving the First Amended Complaint, the Plaintiff shall comply with Rule 5(d) of the Federal Rules of Civil Procedure and serve upon Defendants or upon their counsel, a copy of every further pleading submitted to the Court and include a certificate stating the date a true and correct copy of any document was mailed to each Defendant or their counsel. The Court will disregard any document which has not been filed with the Clerk or which fails to include a Certificate of Service.

**IT IS FURTHER ORDERED** that the Plaintiff shall comply with the Local Rules of Practice for the United States District Court, District of Arizona, and the Federal Rules of Civil Procedure. Both are posted on the District Court website: www.azd.uscourts.gov. Likewise, the website contains information for "Those Proceeding Without an Attorney."

**IT IS FURTHER ORDERED** that at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

/ / /

/ / /

/ / /

| | |
|---|---|
| 1 | **IT IS FURTHER ORDERED** that the Plaintiff shall not have any *ex parte* |
| 2 | communications with this Court, including telephone calls and letters. |
| 3 | Dated this 18th day of March, 2020. |

_____
Honorable David C. Bury
United States District Judge