**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul E Jozwiak,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Raytheon Missile Systems, et al.,<br><br>　　　　　Defendants. | No. CV-20-00039-TUC-DCB<br><br>**ORDER** |

Plaintiff filed this case on January 24, 2020 and sought leave to proceed *in forma pauperis*. The Court denied the request for *in forma pauperis* status and dismissed the Complaint *sua sponte*, with leave to amend. (Order (Doc. 9)). In the Order, the Court explained that Plaintiff's filings were not properly captioned as required by LRCiv. 7.1(a)(3)(B) because the document title page reflected "Verified Complaint" with the true nature of the document reflected on the second page of the document. *Id.* at 1. The Court explained that the title used on page two should instead be on the title page. Plaintiff continues to file documents miscaptioned as "Verified Complaint." *See* Verified Complaint (Doc. 41)[1] (caption on title page of document responding to Court's Order for Plaintiff to show cause why case should not be dismissed for lack of service). A complaint is a unique pleading document filed for the exclusive purpose of setting out the facts and claims alleged in a case; upon the filing of a complaint, a case is opened. There is only one

---

[1] Plaintiff is also confused regarding the proper case number. He shall put only one case number on the title page, which should be identical to the one reflected on this Order's title page.

complaint in a case, unless it is amended. Then, the amended complaint, like Plaintiff's First Amended Complaint (Doc. 13), becomes the pleading in the case and must be served with the Summons on the Defendants. Fed. R. Civ. P. 4(c).

On May 8, 2020, the Plaintiff filed the First Amended Complaint and on May 13, 2020, he paid the filing fee. The Court ordered the Plaintiff to serve the Summons and a copy of the First Amended Complaint, pursuant to Fed. R. C. P. 4. (Order (Doc. 14)).

July 6, 2020, the Plaintiff sought leave to serve the Defendants by alternative means by publication or email. The Court denied that request because he made no showing for why he could not comply with Rule 4 and gave the Plaintiff 30 more days to accomplish service pursuant to Rule 4. (Order (Doc. 18)). On September 16, 2020, the Court issued an Order that the case was subject to dismissal unless the Plaintiff showed cause why he had failed to serve the Defendants. (Doc. 19.)

On September 25, 2020, the Plaintiff filed proofs of service (Docs. 20-39) and the Verified Complaint, which the Clerk of the Court docketed as a Notice (Doc. 41), which responds to the Court's Order to Show Cause. Plaintiff has served the Defendants by mail and publication. The Court denied the Plaintiff leave to serve Defendants alternatively on July 6, 2020. From the proofs of service, it appears that in June he served the Defendants, alternatively, without leave of the Court. He mailed the Summons and Complaint,[2] and a Requests to Waive Service, to Defendants' places of employment, delivered them to the mail clerks at their places of employment, and left them on doorsteps or in mail boxes at their homes. He also, alternatively, served them by publication. The problem is that he did not include in the service materials an Order of the Court authorizing these alternative means of service. Consequently, the Defendants were not required to respond.[3]

The Court has issued several Orders to direct the Plaintiff regarding the requisites for serving his First Amended Complaint, which he has ignored. The Court has instructed

---

[2] The proofs of service say the Complaint was served; the Plaintiff is required to serve the First Amended Complaint, not the Complaint.

[3] The mailings were sufficient to deliver the Requests to Waive Service to the Defendants, and it appears that there were no waivers. Consequently, service must be completed pursuant to Fed. R. Civ. P. 4(e) and (h).

- 2 -

Plaintiff on how to caption his title pages for documents he files in this case, which he also has ignored. The Court shall afford the Plaintiff one more chance to properly serve the Defendants. If this Order is ignored, the case shall be dismissed for lack of service and failure to comply with directives of the Court.

Rule 4 of the Federal Rules of Civil Procedure allow the Plaintiff to follow state law for service. Rule 4.1 of the Arizona Rules of Civil Procedure allows for alternative service by mail, with permission from the Court. Ariz. R. Civ. P.4.1(k). Service by mail is an alternative to personal service, which requires the plaintiff to give the summons and complaint directly to the defendant or person over 18 residing with the defendant. The goal of service is to ensure actual notice of the action's commencement and that a response is required. The Court only allows the alternative service by mail because of the COVID 19 pandemic, and it shall be performed pursuant to the directives given below or this action shall be dismissed without further notice to the Plaintiff.

To serve any Defendant, who the Plaintiff is suing in an individual capacity, meaning he seeks to hold that Defendant personally liable, Plaintiff shall mail a Summons, with a copy of the First Amended Complaint (Doc. 13), AND A COPY OF THIS ORDER, to the individual's last known home address. To serve Defendants, who acted in an official capacity, the Plaintiff shall mail a Summons, with a copy of the First Amended Complaint, AND A COPY OF THIS ORDER, to their last known place of employment. He may mail the same service materials to Raytheon and Met Life at their corporate headquarters, addressed attention Legal Department. The mailings must be sent by certified mail or other source of mail which requires a signature proof of service. Plaintiff shall file the proofs of service with the Court and certify that the documents served were the Summons, First Amended Complaint (Doc. 13), and a copy of this Order.

**Accordingly,**

**IT IS ORDERED** that the Plaintiff is granted one last extension of time to serve the Defendants.

**IT IS FURTHER ORDERED** that the Court approves alternative service on

Defendants by certified mail or other source of mail which requires a signature proof of service. Any Defendant being so served shall file a responsive pleading.

**IT IS FURTHER ORDERED** that within 30 days of the filing date of this Order, the Plaintiff shall fully comply with the directives of this Order, including obtaining new Summons from the Clerk of the Court, mailing the service materials as described herein, and filing the proofs of service. NO FURTHER EXTENSIONS SHALL BE GRANTED. Failure to comply with this Order for serving the Defendants within the time allowed shall result in dismissal of this action, without further notice to the Plaintiff.

Dated this 14th day of October, 2020.

David C. Bury
United States District Judge